UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER WILLIAM HARRIS,

Plaintiff,

v.

TULALIP POLICE DEPARTMENT, et al.,

Defendants.

Case No. 2:21-cv-01335-BHS-TLF

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, GRANTING IN PART PLAINTIFF'S MOTION FOR EXTENSION AND RENOTING PENDING MOTIONS

This matter comes before the Court on plaintiff's motions to appoint counsel and for extension of time. Dkts. 20, 21. For the reasons set forth below, the Court denies plaintiff's motion for counsel and grants in part plaintiff's motion for an extension. The Court also renotes several remaining pending motions so they may be considered together.

BACKGROUND

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, initiated this matter on September 29, 2021. Dkt. 1. Plaintiff's complaint alleges that defendants, the Tulalip Police Department and two of its unnamed officers, used excessive force during his arrest. Dkt. 5. Defendants filed an answer. Dkt. 14.

On January 13, 2022, defendants brought a motion for judgment on the pleadings contending that the Tulalip Police Department is protected by sovereign immunity, that plaintiff has failed to identify the two unnamed defendants within the time

required by Fed. R. Civ. P. 4(m), that the complaint fails to state a claim upon which relief can be granted, and that plaintiff should be required to exhaust tribal remedies before pursuing his claims in this matter. Dkt. 16.

Defendants' motion was noted for February 4, 2022; pursuant to the Court's Local Rules, plaintiff's response was due January 28, 2022. Local Rules, W.D. Wash, ("LCR") Rule 7(d). Plaintiff did not file a response within the deadline prescribed by LCR 7(d), but ultimately filed a response on February 28, 2022. Dkt. 29. On February 11 and 12, 2022 plaintiff filed (respectively) a motion to appoint counsel and a motion to extend case deadlines until after his anticipated release from custody on April 5, 2022. Dkts. 20, 21.

Defendants have filed a consolidated response to plaintiff's motions, together with the Declaration of William J. Dow. Dkts. 26, 27. Plaintiff filed a reply on March 10, 2022.[1] Dkt. 38. On March 21, 2022, plaintiff filed a "motion to dismiss sovereign immunity," which is noted for consideration on April 8, 2022.

## DISCUSSION

### A. Motion to Appoint Counsel

A plaintiff has no constitutional right to appointed counsel in an action under 42 U.S.C. § 1983. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," the Court may request counsel to represent indigent civil

---

[1] Plaintiff's reply is untimely; pursuant to LCR 7(d)(3), plaintiff's reply was due on March 4, 2022. The Court will consider the untimely reply, but plaintiff is cautioned going forward that he is required to comply with the timeframes prescribed by the Local Rules.

litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998).

The Court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved," to make an assessment whether exceptional circumstances show that counsel should be appointed. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue(s) involved, as well as an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Although a *pro se* litigant may be better served with the assistance of counsel, that is not the test. *Rand*, 113 F.3d at 1525.

Plaintiff argues that he lacks legal knowledge and experience, and that the law library in the facility in which he is confined has been subject to closures and lockdowns due to the COVID-19 pandemic. Dkt. 20 at 2.

Plaintiff has not identified conditions that render this case extraordinary. The issues he identifies are faced by any incarcerated litigant. The pandemic-related challenges Plaintiff is experiencing are no different from those faced by every other prisoner *pro se* litigant during these challenging times and can be addressed, where necessary, by requesting extensions of time. Furthermore, plaintiff has demonstrated that he has a sufficient grasp of the legal issues involved in this case and has adequately articulated the basis of his claim, as his complaint was sufficiently presented to pass this Court's screening and to be served upon defendant. Dkt. 6.

Plaintiff has not demonstrated that this case presents complex issues. Instead, plaintiff's current primary challenge appears to be his inability to identify the specific individual or individuals who allegedly caused him harm. It seems that such information should be readily attainable through police reports pertaining to the incident underlying his civil rights claims—which Plaintiff should be able to acquire through discovery, from his criminal defense counsel, or through a Washington Public Records Act request to the prosecuting authority (Snohomish County). Appointment of counsel is not warranted for the straightforward task of identifying the proper defendant.

Finally, at this early stage of the litigation, the Court cannot determine whether plaintiff is likely to prevail on the merits. The Court notes that defendants' currently pending motion raises issues that may call into question whether plaintiff will be able to state a claim upon which relief can be granted as to at least some of the parties. Dkt. 16. Under these circumstances, any appointment of counsel would be premature. The Court therefore DENIES plaintiff's motion for appointment of counsel without prejudice; if changes occur in the future that would seem to warrant another motion to appoint counsel, plaintiff may submit a motion at a future date to explain what new circumstances have developed, and how those facts would show he has an insufficient grasp of his case or the legal issue(s) involved, as well as an inadequate ability to articulate the factual basis of his claim.

B. <u>Motion to Extend Deadlines</u>

Plaintiff has also brought a motion seeking to extend the deadline for his response to defendants' motion for judgment on the pleadings, as well as other deadlines established in the Court's Pretrial Scheduling Order. Dkt. 21. Plaintiff states that he expects to be released from custody on April 5, 2022 and seeks an extension of

all deadlines to permit him to pursue his case upon his anticipated release.[2] *Id*. Defendants argue that plaintiff has had ample time to conduct discovery to identify the individual defendants and should not be granted any further extension. Dkt. 26 at 6–9

The Court notes that plaintiff has now filed a response to defendants' motion for judgment on the pleadings. Dkt. 28. The Court therefore construes the branch of plaintiff's motion seeking an extension to file his response as a request that the Court accept his late-filed brief. As so construed, the Court GRANTS this branch of plaintiff's motion and will consider his late-filed response.

Plaintiff has also recently filed a "motion to dismiss sovereign immunity," which addresses issues raised in defendants' motion. The Court therefore RENOTES defendants' motion for judgment on the pleadings to be considered at the same time as plaintiff's recently-filed motion, on April 8, 2022. The Court also RENOTES to the same date plaintiff's motions seeking discovery from defendant Tulalip Tribal Police (Dkts. 34, 39).[3]

The Court DENIES without prejudice the portion of plaintiff's motion addressing the case schedule, as it will depend in part upon the outcome of defendants' motion for judgment on the pleadings.

The Court therefore ORDERS as follows:

---

[2] Plaintiff is reminded that, upon his release, it is his obligation to inform the Court of his new address. A failure to timely update plaintiff's address could result in the dismissal of his case. LCR 41(b)(2).

[3] The Court will issue a separate order addressing plaintiff's request for third-party discovery from his criminal defense counsel (Dkts. 30, 32). However, plaintiff's motions seeking discovery from the Tulalip Tribal Police implicate sovereign immunity issues raised in defendants' motion for judgment on the pleadings and plaintiff's motion to dismiss sovereign immunity. Accordingly, to facilitate the efficient consideration of the pending motions, the Court renotes them to be considered together.

1. Plaintiff's motion for appointment of counsel, Dkt. 20, is DENIED without prejudice;
2. Plaintiff's motion for an extension, Dkt. 21 is GRANTED in part and DENIED in part, without prejudice. Plaintiff's request for an extension of time to respond to defendants' motion for judgment on the pleadings is GRANTED and his late-filed response, Dkt. 29, will be considered by the Court. The remainder of plaintiff's motion is DENIED without prejudice.
3. The Clerk is directed to RENOTE defendants' motion for judgment on the pleadings (Dkt. 16) and plaintiff's motions for subpoena of evidence (Dkt. 34) and for request for information (Dkt. 39) for April 8, 2022.

Dated this 24th day of March, 2022.

Theresa L. Fricke
United States Magistrate Judge