UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER WILLIAM HARRIS,

                    Plaintiff,

     v.

TULALIP POLICE DEPARTMENT, et al.,

                    Defendants.

Case No. 2:21-cv-01335-TL-TLF

ORDER GRANTING IN PART PLAINTIFF'S MOTION REQUESTING EVIDENCE

This matter comes before the Court on plaintiff's "motion request for evidence." Dkts. 30, 32.[1]

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, alleges in this 42 U.S.C § 1983 action that defendants, the Tulalip Police Department, and two of its unnamed officers, used excessive force during his arrest. Dkt. 5. Plaintiff seeks to obtain from his criminal defense counsel (1) the names of the police officers involved in his arrest and (2) drone video he asserts is in counsel's possession that shows the events of the arrest. Dkt. 30 at 1. Defendants have responded. Dkt. 35. Plaintiff did not file a reply.

---

[1] Plaintiff filed duplicate motions requesting the same relief. The Court has considered, and this Order addresses, both versions of the motion. Dkts. 30, 32.

DISCUSSION

Plaintiff requests that the Court compel his defense counsel in his underlying criminal prosecution (Dan Snyder of the Snohomish County Defender Association) to produce the requested materials and information. Dkt. 30. Because counsel is not a party to this case, the Court lacks jurisdiction to compel such production in the absence of a subpoena. Accordingly, the Court construes plaintiff's motion as a request that the Court issue a subpoena pursuant to Fed. R. Civ. P. 45.

Upon a party's request, "[t]he clerk *must* issue a subpoena, signed but otherwise in blank[.]"  Fed. R. Civ. P. 45(a)(3) (emphasis added). The requesting party must then complete the subpoena and arrange for it to be served. *See* Fed. R. Civ. P. 45(a)(3). Because the language of the rule is mandatory and requires the clerk to issue signed but blank subpoenas upon request, the Court GRANTS plaintiff's motion in this respect.

While the Clerk issues blank subpoenas, plaintiff is responsible for completing and serving them. The party seeking the subpoena must take reasonable steps to avoid imposing an undue burden or expense on the third party upon whom it is served. *See* Fed. R. Civ. P. 45(b) and (d). Any person over the age of 18 and not a party may serve a subpoena; furthermore, a plaintiff proceeding *in forma pauperis* may be entitled to obtain service of a subpoena by the court pursuant to 28 U.S.C. § 1915(d).

But "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court," *Austin v. Winett*, 2008 WL 5213414, *1 (E.D. Cal. 2008); 28 U.S.C. § 1915(d). Accordingly, before granting service, the Court must ensure that the subpoena is supported by clear identification of the materials sought and does not impose an unnecessary burden upon the third party. *See*, *e.g. Casterlow-*

1  *Bey v. Trafford Publ'g Co.*, No. 17-5459 RJB, 2017 WL 11358483, at *2 (W.D. Wash.

2  Oct. 30, 2017).

3      Here, plaintiff seeks information that should be readily obtainable from police

4  reports or other discovery materials contained in the files held on his behalf by his

5  counsel. While production of this information should not impose an undue burden upon

6  counsel, court intervention should also not be necessary for a client to obtain

7  information from his legal files held by his present or former counsel. *See* RPC

8  1.15A(3)(f); RPC 1.16 (d).

9      Plaintiff avers that he has requested this information and it has not been

10 forthcoming. Dkt. 30 at 1–2. In the event that this was the result of misunderstanding or

11 miscommunication between plaintiff and his counsel, the Court directs plaintiff to

12 attempt another informal request for this information before seeking the service of a

13 completed subpoena. The Court also directs the Clerk to send a courtesy copy of this

14 Order to the Snohomish County Defender Association in order to facilitate this effort.

15     If plaintiff is unable to obtain his file materials through such means, he may fill out

16 the subpoena that will be issued to him by the Clerk and submit it to the Court with a

17 motion for service. The motion should explain any efforts made to obtain the materials

18 through other means. The Court will review the subpoena to ensure it meets the

19 requirements of Fed. R. Civ. P. 45, and in particular that it clearly identifies a non-

20 burdensome scope of production of documents or tangible things, before—if

21 appropriate—directing service by the United States Marshal.

22     The Court therefore ORDERS as follows:

23     1.      Plaintiff's motion for evidence (Dkts. 30, 32) is GRANTED in part;

24

25

2.      The Clerk is directed to mail to plaintiff a signed but blank subpoena for documents or tangible things pursuant to Fed. R. Civ. P. 45;

3.      The Clerk shall provide a courtesy copy of this Order to the Snohomish County Defender Association;

4.      Plaintiff shall make a further attempt to obtain the information and materials he seeks from his criminal defense counsel through informal means; if those efforts are unsuccessful, plaintiff may submit a completed subpoena to the Court with a motion for service that describes the efforts made by plaintiff to obtain the information.

Dated this 24th day of March, 2022.


*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING IN PART PLAINTIFF'S MOTION
REQUESTING EVIDENCE - 4