UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER WILLIAM HARRIS,<br><br>    Plaintiff,<br> v.<br><br>TULALIP POLICE DEPARTMENT, et al.,<br><br>    Defendants. | Case No. 2:21-cv-01335-BHS-TLF<br><br>REPORT AND RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>Noted for <u>April 15, 2022</u> |

This case has been referred to Magistrate Judge Theresa L. Fricke pursuant to 28 U.S.C. § 636(b)(1) and Local Rule MJR 3 and 4. This matter comes before the Court on plaintiff's motion for temporary restraining order (Dkt. 22), which the Court has construed as a motion for preliminary injunction (Dkt. 25). Because the Court lacks jurisdiction to grant the relief plaintiff requests and plaintiff has not demonstrated a risk of irreparable harm, the Court recommends that plaintiff's motion be DENIED.

BACKGROUND

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, alleges in this 42 U.S.C § 1983 action that defendants, the Tulalip Police Department and two of its unnamed officers, used excessive force during his arrest. Dkt. 5. On February 18, 2022, plaintiff filed a "motion to file restraining order" seeking unspecified relief against the

REPORT AND RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 1

unnamed (and unserved) "arresting officer" and requesting that felony charges be brought against the officer. Dkt. 22 at 1.

The Court found plaintiff had not demonstrated he would suffer immediate and irreparable injury before defendants could be heard in opposition and therefore determined plaintiff's motion would be construed as seeking a preliminary injunction; the Court renoted the motion for consideration on March 18, 2022. Dkt. 25. Defendants responded on March 14, 2022. Dkt. 37. Plaintiff did not reply to this response but filed a reply to defendant's earlier-filed notice of intent to oppose the motion, which the Court will consider as a reply. Dkt. 31.

## DISCUSSION

A.  Legal Standard

Injunctions are "to be used sparingly, and only in a clear and plain case." *Rizzo v. Goode*, 423 U.S. 362, 378 (1976) (quoting *Irwin v. Dixion*, 50 U.S. 10, 33, (1850)); *see also Sampson v. Murray*, 415 U.S. 61, 83 (1974). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Instead, injunctive relief "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22.

A plaintiff seeking a preliminary injunction must establish (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest." *Winter*, 555 U.S. at 20. In addition, Ninth Circuit precedent has developed the "serious questions" variation of the test, where "a preliminary injunction is proper if there are serious questions going to the merits; there is a likelihood of

irreparable injury to the plaintiff; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

A preliminary injunction may grant "intermediate relief of the same character as that which may be granted finally." *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945); *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir.), *opinion amended on reh'g,* 131 F.3d 950 (11th Cir. 1997). However, a court should not issue an injunction when the relief sought is not of the same character and the injunction deals with a matter lying wholly outside the issues in the underlying action. *De Beers Consol. Mines,* 325 U.S. at 220.

Furthermore, under the Prison Litigation Reform Act ("PLRA"), an injunction may not be granted unless it is "narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). The Court must "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief." *Id*.

B.  <u>Restraint of Unnamed Arresting Officer</u>

Plaintiff requests "a restraining order against the arresting officer from the Tulalip Police [Department]." Dkt. 22 at 1. Plaintiff does not specify what he seeks to have the Court order this officer to do, or to be restrained from doing, nor does he identify the officer, who has not been served and is therefore not within the jurisdiction of the Court.

The Court cannot issue an order against an individual who is not a party to a suit pending before it. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100 (1969).

*See Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

Here, plaintiff has named the arresting officer as a "John Doe" defendant but the Court lacks jurisdiction over this defendant until he has been identified and served with process in this case. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) The Court is therefore without jurisdiction to issue an injunction against the unnamed officer defendant.

In addition, even assuming the officer could promptly be identified and was properly served, plaintiff does not specify the relief he seeks, and he makes no showing of irreparable harm. Plaintiff must demonstrate real and immediate threat of future injury; past injury is largely irrelevant.  *See Rizzo*, 423 U.S. at 372 (1976).

In his reply to defendant's notice of intent to oppose, plaintiff speculates that because the officer previously used excessive force and plaintiff has brought this action against him, the officer *might* retaliate against plaintiff when plaintiff is released from custody. Dkt. 31 at 1–2. Plaintiff submits no factual evidence of any perceived indication that a threat is likely happen nor does he allege there have been threats of harm and that he has reason to believe those threats will be repeated.

This is not sufficient to meet plaintiff's burden. "Speculative injury does not constitute irreparable injury sufficient to warrant granting preliminary relief." *Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988).

REPORT AND RECOMMENDATION DENYING
PLAINTIFF'S MOTION FOR PRELIMINARY
INJUNCTION - 4

Finally, plaintiff's broad request that the officer should be "restrained" from unspecified activity fails to comply with the requirement that any request for injunctive relief be "narrowly drawn, extend[] no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

Plaintiff's request for unspecified "restraint" of the unnamed officer should be denied.

C. <u>Felony Charges</u>

Plaintiff also appears to request the Court to initiate felony charges against the unnamed officer. Dkt. 22 at 1. This request is also outside of the Court's authority.

First, this request has no nexus to the claims pled in plaintiff's complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). This is a civil action under 42 U.S.C § 1983 in which plaintiff seeks monetary damages for alleged excessive use of force. Dkt. 5 at 9. It is not a criminal matter.

Plaintiff is therefore not seeking "intermediate relief of the same character as that which may be granted finally," *De Beers Consol. Mines*, 325 U.S. at 220, but instead seeks wholly different relief on an entirely different claim. The Court does not have authority to issue such an injunction in this case.

Second, in federal court, criminal proceedings may only be initiated by the Government. A private citizen lacks authority to initiate a prosecution, which can only be

initiated in federal court by a United States Attorney. *Rhodes v. Robinson*, 399 F. App'x 160, 165 (9th Cir. 2010) (citing *Keenan v. McGrath,* 328 F.2d 610, 611 (1st Cir. 1964)).

Plaintiff's request that the Court initiate criminal proceedings against the unnamed officer should be denied.

## CONCLUSION

This Court lacks jurisdiction to grant the relief plaintiff requests and plaintiff has not demonstrated a risk of irreparable harm. The Court therefore recommends that plaintiff's motion for a preliminary injunction be DENIED.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **April 15, 2022**, as noted in the caption.

Dated this 24th day of March, 2022.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 6