UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER WILLIAM HARRIS,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>TULALIP POLICE DEPARTMENT, et al.,<br><br>　　　　　　　　Defendants. | Case No. 2:21-cv-01335-BHS-TLF<br><br>REPORT AND<br>RECOMMENDATION<br><br>Noted for June 3, 2022 |

This matter comes before the Court on the portion of plaintiff's "motion for amended information and new facts" (Dkt. 51) that seeks voluntary dismissal of defendant Tulalip Police Department.[1] For the reasons discussed below, the Court recommends plaintiff's motion be GRANTED and that defendant Tulalip Police Department be dismissed with prejudice.

In light of plaintiff's voluntary dismissal of defendant Tulalip Police Department, the Court also recommends the following pending motions be DENIED as moot: (1) Defendants' motion for judgment on the pleadings (Dkt. 16); (2) plaintiff's motion for subpoena of evidence from Tulalip Police Department (Dkt. 34); (3) plaintiff's motion request for information from Tulalip Police Department (Dkt. 39); (4) plaintiff's motion to

---

[1] The Court construes the motion as seeking both voluntary dismissal of defendant Tulalip Police Department and leave to file an amended complaint. The Court has issued an order that separately addresses the portion of plaintiff's motion seeking to amend the complaint. Dkt. 55.

REPORT AND RECOMMENDATION - 1

dismiss sovereign immunity (Dkt. 41); and (5) plaintiff's motion for extension of time to obtain drone video (Dkt. 49).

## BACKGROUND

Plaintiff, a former prisoner proceeding *pro se* and *in forma pauperis* initiated this matter on September 29, 2021, while he was incarcerated. Dkt. 1. Plaintiff's complaint alleges that defendants, the Tulalip Police Department and two unnamed officers, used excessive force during his arrest. Dkt. 5. Plaintiff stated he could not identify the individual officers who he alleges assaulted him, but that the events underlying the complaint had been captured on drone video from which the officers could be identified. *Id*. at 4–5.

Defendants filed an answer (Dkt. 14), and subsequently filed a motion for judgment on the pleadings, asserting tribal sovereign immunity (Dkt. 16). Plaintiff filed two motions seeking to obtain the drone video and other information from defendants (Dkts. 34, 39), which the Court continued pending resolution of the sovereign immunity issues raised in the motion for judgment on the pleadings. Dkt. 42. Plaintiff also filed a "motion to dismiss sovereign immunity" (Dkt. 41), which the Court likewise renoted to be considered together with defendants' motion for judgment on the pleadings. Dkt. 42. In addition, plaintiff filed a motion for an extension of time to respond to defendants' motion, in order to obtain the drone video. Dkt. 49.

On April 12, 2022, plaintiff filed a "motion for amended information and new facts," which states that he has obtained the drone video and identified the arresting officers he contends used excessive force. Dkt. 51. Plaintiff alleges that these officers are employees of the Snohomish County Sheriff and not the Tulalip Police Department (as he had originally alleged in his complaint). Dkt. 51 at 1.

REPORT AND RECOMMENDATION - 2

Plaintiff seeks dismissal of defendant Tulalip Police Department and requests to add as defendants the Snohomish County Sherriff's Department and its employee, Jose Perez. *Id*.

Defendant Tulalip Police Department responded, agreeing with plaintiff's request that it be dismissed but requesting that the dismissal be with prejudice. Dkt. 54. Plaintiff has not filed a reply.

DISCUSSION

A.   Motion for Voluntary Dismissal (Dkt. 51)

A portion of plaintiff's motion seeks to dismiss defendant Tulalip Tribal Police Department—the Court construes this as a motion for voluntary dismissal. Dkt. 51.

A request for voluntary dismissal—after defendants have served an answer—may be granted only with leave of court "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Rule 41(a) permits a plaintiff to dismiss either some or all of the defendants—or some or all of his claims. *Pedrina v. Chun,* 987 F.2d 608, 609 (9th Cir. 1993). Unless otherwise stated, the dismissal is without prejudice. *Id*.

The Court has broad discretion and Fed. R. Civ. P. 41(a) "does not contain a preference for one kind of dismissal or another." *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002); 9 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2367 (4th ed.) ("[I]f the plaintiff either moves for dismissal without prejudice or fails to specify whether the request is for dismissal with or without prejudice, the matter is left to the court's discretion. The trial court may grant a Rule 41(a) dismissal without prejudice or may require that the dismissal be with prejudice.").

Here, defendant Tulalip Police Department seeks dismissal with prejudice, arguing both that it is entitled to tribal sovereign immunity and that plaintiff's motion

REPORT AND RECOMMENDATION - 3

concedes there is no factual basis for a claim against it. Dkt. 54 at 2. Plaintiff has not objected to defendants' request.

The Court finds that a with-prejudice dismissal of defendant Tulalip Police Department is appropriate in light of plaintiff's concession of the lack of a factual basis for a claim and his lack of objection to such a dismissal. *See, e.g. Albrecht v. Lund,* 845 F.2d 193, 195, *amended*, 856 F.2d 111 (9th Cir. 1988) (District Court's dismissal with prejudice and without leave to amend was appropriate where any allegation of other facts consistent with the pleading at issue could not possibly cure the problem with the pleading).

B.      Remaining Pending Motions (Dkts. 16, 34, 39, 41, 49)

In light of the dismissal of defendant Tulalip Police Department, its pending motion for judgment on the pleadings (Dkt. 16) has become moot and should be denied as such. Similarly, plaintiff's related motions—to "dismiss" defendant's sovereign immunity (Dkt. 41) and to extend the time to respond to defendants' motion (Dkt. 49)— are likewise rendered moot by defendant's dismissal. In addition, plaintiff's motions seeking discovery from the Tulalip Police Department (Dkts. 34 and 39) are also moot, as plaintiff has obtained the information he was seeking—namely, the drone video and the identities of the arresting officer(s). Dkt. 51.

The Court therefore recommends that the remaining pending motions be DENIED as moot.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court GRANT the portion of plaintiff's motion (Dkt. 51) that seeks voluntary dismissal and DISMISS defendant Tulalip Police Department with prejudice. The Court also recommends that the following pending motions be DENIED as moot: (1) Defendants'

REPORT AND RECOMMENDATION - 4

motion for judgment on the pleadings (Dkt. 16); (2) plaintiff's motion for subpoena of evidence from Tulalip Police Department (Dkt. 34); (3) plaintiff's request for information from Tulalip Police Department (Dkt. 39); (4) plaintiff's motion to dismiss sovereign immunity (Dkt. 41); and (5) plaintiff's motion for extension of time to obtain drone video (Dkt. 49).

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **June 3, 2022**, as noted in the caption.

Dated this 18th day of May, 2022.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5