UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER WILLIAM HARRIS,

                Plaintiff,

    v.

JOSE PEREZ, et al.,

                Defendants.

Case No. 2:21-cv-01335-BHS-TLF

REPORT AND RECOMMENDATION

Noted for July 29, 2022

This matter is before the Court on plaintiff's filing of an amended complaint. Dkt. 58. The Court has, in a separate order, directed service upon the individual defendant named in that complaint, Jose Perez. However, the Court recommends the two remaining defendants, Snohomish County Sheriff's Department (the "Sherriff's Department") and Snohomish County (the "County") (collectively, the "County Defendants"), be dismissed from this action.

## BACKGROUND

Plaintiff, a former prisoner proceeding *pro se* and *in forma pauperis* initiated this matter on September 29, 2021. Dkt. 1. Plaintiff's original complaint alleged he was subjected to excessive force during his arrest by two unknown police officers. Dkt. 5. Plaintiff named as defendants the "John Does" and the Tulalip Police Department, who he believed at the time was their employer. Dkt. 5.

On April 12, 2022, plaintiff filed a "motion for amended information and new facts," stating that plaintiff had been able to identify the arresting officers. Dkt. 51.

REPORT AND RECOMMENDATION - 1

1  Plaintiff alleges those officers are employees of the Sheriff's Department and not (as
2  originally alleged) the Tulalip Police Department. Dkt. 51 at 1. Accordingly, plaintiff
3  sought dismissal of the Tulalip Police Department and substitution of the newly
4  identified officer and the County Defendants. *Id*.

5  The Tulalip Police Department has been dismissed. Dkts. 56, 57. In addition, the
6  Court granted plaintiff leave to file an amended complaint substituting the newly
7  identified individual defendant, Jose Perez. Dkt. 55. However, the Court warned plaintiff
8  that the Sheriff's Department was not a proper defendant and that plaintiff could not
9  state a claim against the County unless he was able to truthfully allege the elements of
10 a claim for municipal liability. *Id*.

11 On June 13, 2022, plaintiff filed his amended complaint. Dkt.58. Despite the
12 warning, the amended complaint names the County Defendants (along with Defendant
13 Perez).

14                                    DISCUSSION

15 The Sheriff's Department is not a legal entity capable of being sued under §
16 1983. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978);
17 *Wright v. Clark County Sheriff's Office*, 2016 WL 1643988, *2 (W.D. Wash. April 26,
18 2016). Accordingly, the Court recommends that the Sherriff's Department be dismissed
19 from this case with prejudice.

20 The appropriate defendant would, instead, be the County. *Id*. However, to state a
21 claim against the County, plaintiff must properly allege municipal liability. To do so,
22 plaintiff must allege facts showing that the County's employees or agents acted through
23 an official custom, pattern, or policy permitting deliberate indifference to, or violating, the
24 plaintiff's civil rights, or that the entity ratified the unlawful conduct. *Id*. at 690–91. A

25

REPORT AND RECOMMENDATION - 2

plaintiff must show (1) deprivation of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to a plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.3d 1470, 1474 (9th Cir. 1992).

Plaintiff's amended complaint does not allege facts that would support municipal liability. Dkt. 58. Snohomish County should therefore be dismissed from this action without prejudice.

## CONCLUSION

The undersigned recommends that the Court dismiss defendant Snohomish County Sherriff's Department with prejudice and dismiss defendant Snohomish County without prejudice. This case will proceed against defendant Jose Perez.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **July 29, 2022** as noted in the caption.

Dated this 14th day of July, 2022.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3