UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER WILLIAM HARRIS,<br><br>     Plaintiff,<br><br> v.<br><br>JOSE PEREZ,<br><br>     Defendants. | Case No. 2:21-cv-01335-BHS-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for February 2, 2024 |

Presently before the Court are plaintiff's motions for leave to amend (Dkts. 99, 106, 108, 110, 113, 114, 118, 119, and 120[1]), motion to re-open/compel discovery (Dkt. 100), and motion to appoint counsel (Dkt. 88).

For the reasons below, the Court should deny plaintiff's motions for leave to amend (Dkts. 99, 106, 108, 110, 113, 114, 118, 119, and 120) and motion to re-open/compel discovery (Dkt. 100) and should grant plaintiff's motion to appoint counsel (Dkt. 88).

I. **Motions to Amend**

In the amended complaint, plaintiff alleges defendant Jose Perez, a Snohomish County Sheriff's Deputy, used excessive force during the course of plaintiff's arrest on November 28, 2020. Dkt. 58. Plaintiff has filed eight separate motions to amend which

---

[1] Plaintiff's motion is denominated "motion for punitive damages" and seeks to add a specific request for punitive damages to the amended complaint. Dkt. 120. The Court construes this as another motion to amend.

REPORT AND RECOMMENDATION - 1

request to add various new claims and defendants in piecemeal fashion. Dkts. 99, 106, 108, 113, 114, 118, 119, and 120.

Plaintiff's motions seek to add claims against Snohomish County[2], City of Everett, City of Marysville, Everett City Mayor, Everett City Police Commissioner, Marysville City Police Commissioner, and "John Does 1-10" -- Snohomish County law enforcement officers whom plaintiff alleges were present during his arrest, or observed his arrest via the drone video, and failed to intervene to prevent the alleged use of excessive force by defendant Perez. *Id.*

Plaintiff also seeks to add a claim against defendant Perez alleging that after plaintiff was handcuffed and lifted off the ground defendant Perez "pushed me in front of him using me like a human shield against the thick set of thorn bushes pushing me violently with no regard to my badly damaged left leg" he further alleges that when he was unable to lift his injured leg over a log blocking the path, defendant Perez reached down and grabbed plaintiff's left leg "suddenly and forcefully" and threw it over the log. Dkt. 110. Although somewhat unclear, it appears plaintiff may also be requesting to add official capacity claims as well as a state law claim against defendant Perez for assault. Dkts. 114, 118, 119.

Plaintiff also seeks to add claims for declaratory and injunctive relief as well as for compensatory and punitive damages. Dkt. 118. Plaintiff requests that the Court,

---

[2] Plaintiff also initially sought to add the Snohomish County Sheriff's Department as a defendant but subsequently withdrew that request acknowledging that Snohomish County, not the Snohomish County Sheriff's Department, would be the proper defendant to seek to add. Dkt. 106.

REPORT AND RECOMMENDATION - 2

upon granting him leave to amend, place a "14 day time schedule for the defendants to either except [sic] my offer or go to the jury." Dkt. 108.

Defendants have filed opposition to several of plaintiff's motions to amend arguing the requests to amend should be denied based on the factors of undue delay and prejudice. Dkts. 103, 115, 116.

### A. Failure to Comply with LCR 15

The Court first notes that plaintiff's motions fail to comply with Local Civil Rule (LCR) 15 which provides:

> A party who moves for leave to amend a pleading, or who seeks to amend a pleading by stipulated motion and order, ***must attach a copy of the proposed amended pleading*** as an exhibit to the motion or stipulated motion. The party must indicate on the proposed amended pleading ***how it differs from the pleading that it amends*** by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added. The proposed amended pleading ***must not incorporate by reference any part of the preceding pleading***, including exhibits.

None of plaintiff's motions to amend include a copy of a complete proposed amended complaint as required by LCR 15.

Accordingly, plaintiff's motions to amend may be denied on that basis alone. But, even if the Court assumes for purposes of analysis that plaintiff's motions to amend were procedurally proper, all of the motions should be denied on the merits for the reasons below.

### B. Request to Add Claims for Compensatory and Punitive Damages

The Court notes that in several of his motions to amend plaintiff seeks to add specific requests for compensatory and punitive damages. *See* Dkts. 118, 119, 120. Defendant did not specifically oppose or otherwise address this request. Plaintiff's amended complaint -- the current operative complaint -- requests monetary damages as

REPORT AND RECOMMENDATION - 3

1 relief. *See* Dkt. 58. Because plaintiff is unrepresented by counsel, the Court should construe plaintiff's amended complaint to include all available claims for money damages. *See Hamilton v. United States*, 67 F.3d 761, 764 (9th Cir.1995) (courts must liberally construe pleadings filed by an unrepresented person ); *Hill v. Arnold*, No. 09-cv-05434-TEH, 2015 WL 3523199, at *4 (N.D. Cal. June 4, 2015) (finding that when construing an unrepresented prisoner's complaint liberally his request for "monetary compensation" included a request for punitive damages).

Plaintiff's request to add specific claims for compensatory and punitive damages should be denied as moot, because the Court would already liberally construe the existing complaint to be a request for all of the potential damages that may be allowed by law.

**C. Request to Add Remaining Claims**

Even if plaintiff's motions were procedurally proper, they should be denied based on the factors of undue delay and prejudice. Dkts. 99, 106, 108, 110, 113, 114, 118, 119, and 120.

Plaintiff initiated this lawsuit on September 29, 2021, naming Tulalip Police Department, as well as "arresting officer" and "back up officer" -- both Marysville/Tulalip Police Department officers. Dkts. 1, 5. Plaintiff subsequently moved to amend his complaint to name the arresting officer and the Snohomish County Sheriff's Department and requested dismissal of defendant Tulalip Police Department on the grounds that the officers identified in his complaint were employees of the Snohomish County Sheriff and not the Tulalip Police Department. Dkt. 51. The Court granted plaintiff's request and dismissed the Tulalip Police Department with prejudice and granted plaintiff leave to file

an amended complaint naming the individual arresting officer. Dkts. 55, 56, 57. The Court also advised plaintiff that the Snohomish County Sheriff's Department would not be a proper defendant but that plaintiff could name Snohomish County, the municipality, as a defendant if he could show: (1) deprivation of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to a plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. Dkt. 55 at 4-5 (citing *Oviatt v. Pearce*, 954 F.3d 1470, 1474 (9th Cir. 1992)).

Plaintiff filed his amended complaint -- the operative complaint -- on June 8, 2022, naming Snohomish County Sheriff's Deputy Jose Perez, the Snohomish County Sheriff's Department, and Snohomish County. Dkt. 58. On August 11, 2022, the Court dismissed plaintiff's claims against the Snohomish County Sheriff's Department with prejudice, as it was not a legal entity capable of being sued under 42 U.S.C. § 1983. Dkts. 63, 66. The Court also dismissed plaintiff's claims against Snohomish County without prejudice on the grounds that plaintiff failed to state facts to support a claim for municipal liability. *Id.*

On December 20, 2021, the Court entered a pretrial scheduling order, setting a discovery deadline and a dispositive motion deadline. Dkt. 15. After the Court extended the deadlines, the discovery period ended on January 12, 2023, and dispositive motions were due on or before February 13, 2023. Dkt. 68.

On February 8, 2023, defendant filed a motion for summary judgment. Dkt. 33. On February 27, 2023, the Court granted plaintiff's request for extension of time -- to the extent of directing him to file a response to defendant's motion for summary judgment by May 8, 2023, and to file his own dispositive motion by April 14, 2023. Dkt. 77.

REPORT AND RECOMMENDATION - 5

On July 10, 2023, plaintiff filed an untimely a response to defendant's motion for summary judgment along with a request for extension/that his response be considered. Dkt. 79. On July 17, 2023, the Court granted plaintiff's request for extension and indicated it would consider plaintiff's response in considering defendant's motion for summary judgment. *Id.*

On September 18, 2023, plaintiff filed a motion to appoint counsel which was initially noted for the court's consideration on October 6, 2023, and subsequently re-noted to be considered with plaintiff's subsequently filed motions to amend. Dkts. 88, 112. On September 27, 2023, this Court issued a report and recommendation, recommending that defendant's motion for summary judgment be granted in part and denied in part. Dkt. 92. Plaintiff subsequently filed four separate motions to amend and a motion to reopen/compel discovery. Dkts. 99, 100, 106, 108, 110.

On October 31, 2023, the Honorable Benjamin H. Settle adopted the report and recommendation, granting in part and denying in part defendant's motion for summary judgment. Dkt. 111. Plaintiff subsequently filed four more motions to amend and a "motion for punitive damages" which the court construes as a further motion to amend. Dkts. 113, 114, 118, 119, 120. Defendants have filed responses to several of plaintiff's motions to amend arguing amendment should be denied based on the factors of undue delay and prejudice. Dkts. 103, 115, 116.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

> (1) **Amending as a Matter of Course**
> A party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

REPORT AND RECOMMENDATION - 6

  (2) **Other Amendments**
   In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

At this stage of the proceedings, in order to further amend his pleading, plaintiff must have the Court's leave. *See* Fed.R.Civ.P. 15(a)(2).

 "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed.R.Civ.P. 15(a)). In determining whether leave to amend is appropriate, the district court considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)).

 First, "[r]elevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990). The Ninth Circuit has noted "late amendments to assert new theories are not reviewed favorably when the facts and theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. International Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986). "Courts have [also] found undue delay weighing against granting leave to amend where a motion for leave to amend is filed near or after the close of discovery." *Ewing v. Megrdle*, No. CV12-1334, 2015 WL 1519088, *4 (C.D. Cal. March 26, 2015) (summarizing Ninth Circuit cases affirming denials of motions to amend due to undue delay when the motions were filed near or after the close of discovery).

REPORT AND RECOMMENDATION - 7

At the time of filing his complaint or, at a minimum, his amended complaint, plaintiff was or should have been aware of the facts surrounding the allegations contained in his motions. Plaintiff was put on notice by the Court in May 2022, that a municipality is the proper defendant when alleging constitutional violations committed by an agency of a county or city and was advised of the elements necessary to state a municipal liability claim. Dkt. 55. Therefore, plaintiff was on notice that Snohomish County, City of Everett, and City of Marysville, may be proper defendants in this case as well as the elements necessary to state a municipal liability claim. Additionally, Snohomish County was previously dismissed from the case in August 2022, because, despite being advised of the elements of a municipal liability claim, plaintiff failed to allege facts to support such a claim against Snohomish County. Dkts. 63, 66. Similarly, with respect to the Everett City Mayor, Everett City Police Commissioner, and Marysville City Police Commissioner, it appears plaintiff was or should have been aware of the basis for his claims at the time of filing his complaint or, at a minimum, when he filed his amended complaint.

Furthermore, plaintiff was or should have been aware of the claims against the individual John Doe defendants he now seeks to add when he filed his original complaint or, at a minimum, when he filed his amended complaint. Plaintiff was also aware of the additional claims against defendant Perez that he now seeks to add from the outset of this action.

Plaintiff provides an insufficient explanation as to why he waited until several years into the case, eight months after the close of the discovery period, and after the Court recommended granting in part and denying in part defendant's motion for

REPORT AND RECOMMENDATION - 8

summary judgment, to seek to add these new claims and defendants. Accordingly, the factor of undue delay weighs against granting leave to amend.

Second, allowing plaintiff to amend his amended complaint will prejudice the current and proposed opposing parties.

Plaintiff seeks to add a new claim against defendant Perez (based on events that allegedly occurred after plaintiff was handcuffed and placed under arrest) and to add several other new claims and defendants, including several yet unidentified "John Doe" defendants. This would likely require the discovery period to be reopened -- plaintiff in fact separately requests that discovery be reopened.

The proposed new defendants, if the Court were to allow amendment, would be joining the litigation long after the discovery period and deadline for filing dispositive motions expired, causing added time and expenses for the current defendant. Therefore, allowing plaintiff to amend his amended complaint will cause prejudice to the current and proposed opposing parties. *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990); *Acri v. International Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398-1399 (9th Cir. 1986) (affirming denial of leave to amend and holding the district court did not abuse its discretion when the district court decided an amendment would prejudice the defendant because of the necessity for further discovery); *Priddy v. Edelman*, 883 F.2d 438, 447 (6th Cir. 1989) ("Putting the defendants through the time and expense of continued litigation on a new theory, with the possibility of additional discovery, would be manifestly unfair and unduly prejudicial.") (cited by *Jackson*, 902 F.2d at 1387).

With respect to Snohomish County, City of Everett, City of Marysville, Everett City Mayor, Everett City Police Commissioner, and Marysville City Police Commissioner, plaintiff makes only generalized, conclusory allegations in his various motions to amend regarding, for instance, a failure to properly hire, train, or discipline employees. But none of plaintiff's allegations against these defendants are supported by sufficient facts to state a claim.

Also, with respect to plaintiff's request to add claims for injunctive relief, plaintiff fails to identify the nature of the injunctive relief he seeks. Without a request for a specific form of injunctive relief, the Court cannot properly evaluate plaintiff's request. Furthermore, there is "persuasive Ninth Circuit authority, that, in order to state a claim for injunctive relief, a litigant must plead that their legal remedies would be inadequate." *Tripp v. Clark Cnty.*, No. 2:17-CV-1964-JCM-BNW, 2020 WL 8084998, at *3 (D. Nev. Sept. 16, 2020), *report and recommendation adopted*, No. 217CV1964JCMBNW, 2021 WL 96612 (D. Nev. Jan. 11, 2021) (citing *Philips v. Ford Motor Co.*, 726 F. App'x 608, 609 (9th Cir. 2018) ("Accordingly, the district court correctly determined that Appellants were required to plead the inadequacy of their legal remedies to state a claim for injunctive relief.")). Here, plaintiff has not identified the nature of the injunctive relief he seeks, nor has he plead that his legal remedies (the money damages he seeks) would be inadequate.

Likewise, plaintiff seeks to add a claim for declaratory relief but appears to seek only a declaration that the action and conduct of the defendants violated his constitutional rights. *See* Dkt. 118 at 12-13. "[C]ourts have generally recognized two criteria for determining whether declaratory relief is appropriate: (1) when the judgment

will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Bilbrey by Bilbrey v. Brown*, 738 F.2d 1462, 1470 (9th Cir. 1984) (internal citation and quotation marks omitted). Accordingly, "[d]eclaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. State of Wash.*, 759 F.2d 1353, 1357 (9th Cir. 1985).

"A claim for declaratory relief may be 'unnecessary where an adequate remedy exists under some other cause of action.'" *Alta Devices, Inc. v. LG Elecs., Inc.*, 343 F. Supp. 3d 868, 889 (N.D. Cal. 2018) (citation omitted). A declaration will not issue where it is redundant or duplicative of other relief and will not resolve any disputes not otherwise resolved by other remedies awarded. *Concorde Equity II, LLC v. Miller*, 732 F. Supp. 2d 990, 1003 (N.D. Cal. 2010) (denying declaratory relief where it was deemed "redundant and duplicative").

Here, plaintiff seeks a declaration that his constitutional rights were violated. This would appear to be repetitive of his existing claims, where plaintiff alleges that defendant's actions violated his constitutional rights. *See Zuurveen by & through Zuurveen v. Los Angeles Cnty. Dep't of Health Servs.*, No. CV 22-1912 JAK (PVC), 2022 WL 14966244, at *9 (C.D. Cal. Sept. 28, 2022), *report and recommendation adopted*, No. CV 22-1912 JAK (PVC), 2022 WL 15173401 (C.D. Cal. Oct. 24, 2022) (noting that a request for declaratory relief seeking a declaration stating the right to medical care was violated and that plaintiff suffered emotional distress as a result would

be repetitive of plaintiff's existing claims). Plaintiff does not identify what useful purpose this declaratory relief would serve in clarifying or resolving the issues in the case, nor does he explain why an award of money damages, as requested in his amended complaint, would be an inadequate remedy. *Id.* (denying motion to amend to add claim for declaratory relief noting that plaintiff did not "clearly explain what the declaration should state or identify a dispute or controversy that would not be mooted by an award of the monetary damages requested in the prayer for relief and that would require a separate declaration to resolve.").

To the extent plaintiff seeks to add an official capacity claim, defendant Perez cannot be held liable in his official capacity for monetary damages, and plaintiff has not stated a claim for injunctive relief. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64–664, 5 (1989). Furthermore, in an official-capacity suit, the plaintiff must demonstrate that a policy or custom of the governmental entity of which the official is an agent was the moving force behind the violation. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Plaintiff has not stated sufficient facts to support such a claim.

Accordingly, the Court recommends that plaintiff's requests to amend his complaint (Dkts. 99, 106, 108, 110, 113, 114, 118, 119, and 120) should be denied.

## II. Motion to Reopen/Compel Discovery

Plaintiff also moves to reopen/compel discovery. Dkt. 100. Plaintiff notes that he has "lost the materials necessary to advance this case" but does not identify what materials he is referring to. *Id.* Plaintiff also states that he intends to "submit his own interrogatories and request for production of records from defendant." *Id.* However, the

1  discovery period in this case closed in January 2023, eight months before plaintiff filed
2  this motion. Furthermore, plaintiff does not adequately identify or explain what discovery
3  materials he believes he needs, why he was unable to obtain those materials during the
4  discovery period, or why he waited until eight months after the close of discovery to
5  bring his motion. To the extent plaintiff's motion is based on his requests to add new
6  claims and defendants in the case, as discussed above, the Court has recommended
7  denying that request.
8      Accordingly, plaintiff's motion to reopen/compel discovery (Dkt. 100) should be
9  denied.

### III. Motion to Appoint Counsel

11     Plaintiff also moves for appointment of counsel. Dkt. 88. Defendants oppose the
12  motion. Dkt. 89.
13     Generally, the decision to appoint pro bono counsel rests within "the sound
14  discretion of the trial court and is granted only in exceptional circumstances." *Agyeman
15  v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of
16  exceptional circumstances requires an evaluation of both the likelihood of success on
17  the merits and the ability of the plaintiff to articulate his or her claims *pro se* in light of
18  the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th
19  Cir. 1991) (citations omitted). Neither of these factors is dispositive, and the factors
20  must be viewed together before reaching a decision regarding appointment of counsel.
21  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).
22     Plaintiff's motion to appoint counsel and defendant's opposition were filed before
23  the Court issued the report and recommendation on defendant's motion for summary

judgment. The report and recommendation recommended granting in part and denying in part defendant's summary judgment motion and was subsequently adopted by the District Judge. *See* Dkts. 92, 111. Thus, the litigation has advanced and the circumstances have changed somewhat since the motion was filed.

While the Court cannot, at this time, definitively determine plaintiff's ultimate likelihood of success on the merits, the Court notes that a portion of plaintiff's claims have now survived a motion for summary judgment and will proceed to trial. Furthermore, litigating the merits of plaintiff's excessive force claim through pretrial preparation and trial is likely to significantly increase the complexity of the litigation process.

Therefore, it appears to the Court that plaintiff demonstrates a sufficient potential for success on the merits and that, in light of the increasing complexity of the litigation process at this stage, plaintiff is likely to face increasing challenges litigating and articulating his claims *pro se* such that appointment of counsel would be warranted.

The Court also notes that plaintiff asserts he faces additional difficulty litigating his case *pro se* due to his mental health issues and the fact that he is recovering from a drug overdose. Dkt. 88.

There is limited information before the Court regarding the nature and impact of these health issues on plaintiff's ability to litigate his case. However, considering the other factors discussed above, the fact that plaintiff's asserted health issues may, to some degree, also impact on his ability to litigate his case *pro se*, also weighs in favor of appointing counsel.

Accordingly, the Court recommends that plaintiff's request for appointment of counsel (Dkt. 88) be granted with the understanding that the identification of counsel willing to represent plaintiff in this matter is not guaranteed. If a lawyer is willing and available to take plaintiff's case pro bono, then an appointment would be appropriate. If the District Judge adopts this recommendation, the Court recommends that the Western District of Washington's pro bono coordinator be directed to identify counsel to represent plaintiff, in accordance with the Court's General Order 07-23 ("The United States District Court for the Western District of Washington's Plan for Pro Se Litigant Representation in Civil Rights Actions (As Amended, Effective January 1, 2024)") section 4.

//

//

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court (1) deny plaintiff's motions to amend (Dkts. 99, 106, 108, 110, 113, 114, 118, 119, and 120) and motion to reopen/compel discovery (Dkt. 100), and (2) grant plaintiff's motion to appoint counsel (Dkt. 88) contingent on the identification of counsel willing to represent plaintiff in this matter. A proposed order is attached.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations

omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **February 2, 2024**, as noted in the caption.

Dated this 12th day of January, 2024.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 16