UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER WILLIAM HARRIS,

  Plaintiff,

  v.

JOSE PEREZ,

  Defendant.

CASE NO. 2:21-cv-01335-BHS-TLF

ORDER

THIS MATTER is before the Court on Magistrate Judge Theresa L. Fricke's Report and Recommendation (R&R), Dkt. 121, recommending the Court deny pro se plaintiff Christopher Harris's nine motions to amend, deny his motion to compel discovery, and grant his motion to appoint counsel.

Harris's objection to the R&R primarily reiterates his detailed factual allegations. It also argues that his evidence must be admitted, which is not yet at issue. He does not address the Rules and standards for further amending his complaint, or the legal analysis supporting the R&R's recommended denial of his request to amend his complaint again. Nor does Harris address or meet the Federal Rule of Civil Procedure 72 standard, which applies to this Court's review of his objections.

ORDER - 1

A district judge must determine de novo any part of a magistrate judge's proposed disposition to which a party has properly objected. It must modify or set aside any portion of the order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3). A proper objection requires "specific written objections to the proposed findings and recommendations" in the R&R. Fed. R. Civ. P. 72(b)(2). "[I]n providing for a de novo determination . . . Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (internal quotation marks omitted). Accordingly, when a district court adopts a magistrate judge's recommendation, the district court is required to merely "indicate[] that it reviewed the record de novo, found no merit to . . . [the] objections, and summarily adopt[] the magistrate judge's analysis in [the] report and recommendation." *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023). In so doing, district courts are "not obligated to explicitly address [the] objections." *Id.* at 437.

The R&R correctly determined that Harris has not met Rule 15's requirements for amending his complaint again. His objections are **OVERRULED**, the R&R on this point is **ADOPTED**, and Harris's motions to amend, Dkts. 99, 106, 108, 110, 113, 114, 118, 119, and 120, are **DENIED**.

Harris's objections do not directly address the recommended denial of his motion to re-open and compel discovery. He has not shown good cause to do so, and the R&R's

recommended disposition of this issue is **ADOPTED**. Harris's discovery motion, Dkt. 100, is **DENIED**.

There are no objections to the R&R's recommendation that the Court seek to obtain pro bono counsel for Harris on the claim that has survived summary judgment. That portion of the R&R is also **ADOPTED,** Harris's motion for counsel, Dkt. 88, is **GRANTED,** and the Court will attempt to locate counsel.

**IT IS SO ORDERED**.

Dated this 8th day of April, 2024.

BENJAMIN H. SETTLE
United States District Judge